WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Barrett Eiselman, | ) | No. 09-1801-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| GEICO General Insurance Company, a Maryland Corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant's Motion To Bifurcate Plaintiff's Breach of Contract Claim From All Remaining Claims (Dkt. # 15). For the reasons briefly set forth below, the Court denies the motion without prejudice to either party reasserting a request at the final pretrial conference to bifurcate the trial of these claims.

Federal Rules of Civil Procedure 42(b) authorizes the Court, in its discretion, to order a separate trial on one or more of the Plaintiff's claims if it determines that such separate trials would be convenient, expeditious, economical or avoid prejudice. Defendant seeks to use this rule to obtain a stay of discovery on Plaintiff's bad faith claims pending resolution of Plaintiff's breach of contract claims. Defendant asserts that such a stay is merited because none of Plaintiff's claims can survive the resolution of his breach of contract claim, and, further, such an order would avoid any prejudice from allowing Plaintiff access to his claim file.

1  The Court declines to stay discovery on any of Plaintiff's claims based on a pre-assessment of whether the Defendant can expeditiously bring a case-dispositive motion for summary judgment on Plaintiff's breach of contract claim. If Defendant can expeditiously bring such a motion it is encouraged to do so. As the Court recalls, at the scheduling conference both parties indicated they could cooperate in prioritizing the discovery that would be necessary to bring and defend against such a motion. The Court will hold the parties to their word in this respect, and will give little shrift to attempts by either party to unnecessarily prolong discovery or unnecessarily delay ruling on such a motion. Any Rule 56(f) affidavit filed by Plaintiff in response to such a motion will set forth with specificity the discovery necessary to respond to such a motion, why such discovery has not been obtained by Plaintiff in the time prior to the necessary response, and the date by which such discovery can be obtained.

In the meantime, however, the Court believes that it would not serve the purposes of the rule to conduct separate discovery tracks and further believes that it can best assess any avoidable prejudice that Defendant wishes to assert in the context of a specific question identifying particular and avoidable problems that might be addressed by the parties, or resolved by a specific ruling of the Court. Therefore,

**IT IS HEREBY ORDERED** denying Defendant's Motion To Bifurcate Plaintiff's Breach of Contract Claim From All Remaining Claims (Dkt. # 15) without prejudice to either party reasserting a request at the final pretrial conference to bifurcate the trial of these claims.

DATED this 24th day of November, 2009.

_____
G. Murray Snow
United States District Judge